UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7020** |
| **STEVE PRICE** | **SECTION: "C" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual Summary

The plaintiff, Marvin Brown ("Brown"), was incarcerated in B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Brown has since notified the Court that he was transferred to the Elayn Hunt Correctional Center ("Hunt") in St. Gabriel, Louisiana. (Rec. Doc. No. 13.) He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Correctional Officer Steve Price, Lieutenant John Tullos, Sergeant Chris Walley, Sergeant Rebecca Warren, and Sergeant Leslie Waldrep.

Brown alleges that the defendants are all employed at RCC. Under a broad reading, he alleges that each of the defendants was aware that Sergeant Waldrep and Sergeant Price set him up by planting drugs or pills on him. He alleges that the officers conspired to falsely accuse him. As relief, he seeks to have the defendants submit to a polygraph test and for his case to proceed forward.

## II. Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

Brown alleges that the defendants conspired to falsely accuse him of drug possession at RCC. His claims must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted for the following reasons.

**A.    Request for Injunctive Relief is Moot**

Brown seeks only injunctive relief in the form of an order for the polygraph testing and to be allowed to pursue his claims in this Court.

Brown is no longer housed in RCC. He has been transferred to Hunt. It is well settled that a claim for injunctive relief related to the standards of an inmate's prison life is rendered moot upon the prisoner's transfer or release from the facility and where there is little likelihood that he will return to that facility. *Smith v. City of Tupelo, Miss.*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). Accordingly, Brown's claim for injunctive relief is now moot and can be dismissed as frivolous.

**B.    Claim for Conspiracy to File False Disciplinary Charges**

Even if Brown sought cognizable relief, his claim against the defendants is still frivolous. In order to bring a § 1983 claim based simply on the filing of an allegedly false disciplinary charge, or a conspiracy to do so, absent an allegation of retaliatory interference with the exercise of a constitutional right, a prisoner must show favorable termination prior to bringing suit. *Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir.1995) (citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir.1993) (unpublished)). Brown has attached to his complaint copies of documents from the administrative grievance process.[1] These documents reflect that neither the disciplinary proceedings nor the

---

[1] Attachments, Rec. Doc. No. 3.

administrative grievance process ended favorably in Brown's case. Brown's claims of conspiracy in and the filing of a false disciplinary charge against him lacks an arguable basis in law, and therefore are frivolous.

Furthermore, a prisoner's claim that he was charged with a disciplinary infraction that he did not commit does not state a deprivation of due process. *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984); *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986). "If the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded [the plaintiff] to clear himself of misdeeds which he did not commit sufficed." *Id*. at 254. Brown does not challenge the disciplinary process in this manner and has failed to state a due process violation for this Court to consider further. *See Sandin v. Connor*, 515 U.S. 472, 481-83 (1995). His claims arising from the alleged false charges must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Brown's § 1983 claims against the defendants, Price, Tullos, Walley, Warren, and Waldrep, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

4

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 19th day of March, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.